1  **ANDREW LAH**
   California State Bar No. 234580
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California  92101-5008
   Telephone:  (619) 234-8467
4  andrew_lah@fd.org

5
   Attorneys for Mr. Miramontes-Carrillo
6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10                       **(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| 11  UNITED STATES OF AMERICA, | ) | CASE NO.  08CR2352-LAB |
| 12        Plaintiff, | ) | DATE: August 25, 2008 |
|  | ) | TIME: 2:00 P.M. |
| 13  v. | ) |  |
|  | ) | NOTICE OF MOTIONS AND MOTIONS |
| 14  ALDO MIRAMONTES-CARRILLO, | ) | 1) TO COMPEL DISCOVERY/PRESERVE |
|  | ) | EVIDENCE; |
| 15        Defendant. | ) | 2) DISMISS THE INDICTMENT; AND |
|  . | ) | 3) FOR LEAVE TO FILE FURTHER |
| 16  | ) | MOTIONS |

17  TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
        DAVID LESHNER, ASSISTANT UNITED STATES ATTORNEY:
18

19     PLEASE TAKE NOTICE that on Friday, April 8, 2005, at 1:30 p.m., or as soon thereafter as counsel

20  may be heard, Defendant Aldo Miramontes-Carrillo, by and through counsel, Andrew Lah and Federal

21  Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

## **MOTIONS**

Defendant, Aldo Miramontes-Carrillo, by and through counsel, Andrew Lah and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1)   Compel discovery/Preserve evidence;

(2)   Dismiss the indictment; and

(3)   Grant leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated:  August 4, 2008            */s/ ANDREW LAH*
ANDREW LAH
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Miramontes-Carrillo

**ANDREW LAH**
California State Bar No. 234580
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
andrew_lah@fd.org

Attorneys for Mr. Miramontes-Carrillo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 08CR2352-LAB |
| Plaintiff, ) | DATE: August 25, 2008 |
| ) | TIME: 2:00 P.M. |
| v. ) | |
| ) | MEMORANDUM OF POINTS AND |
| ALDO MIRAMONTES-CARRILLO, ) | AUTHORITIES IN SUPPORT OF |
| ) | DEFENDANT'S MOTIONS |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**

A Grand Jury indicted Mr. Miramontes for violations of 21 U.S.C. §§ 952, 960 and 963 for conspiracy to import marijuana. Mr. Miramontes pled not guilty, and these motions follow.

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

Mr. Miramontes moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

//

//

(1) <u>The Defendant's Statements</u>.  The Government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>.  The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant.  <u>See</u> Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Brady Material</u>.  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The Government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also

1  requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal
2  history, and information relevant to any other application of the Guidelines.

3       (5) <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record. Fed. R.
4  Crim. P. 16(a)(1)(D).

5       (6) <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts
6  under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Rule 404(b), "upon
7  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
8  general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(B) at
9  trial.  The defendant requests that such notice be given three (3) weeks before trial in order to give the
10 defense time to adequately investigate and prepare for trial.

11      (7) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any
12 search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).  The defendant specifically
13 requests production of any items obtained from or belonging to the defendant**.** Fed. R. Crim. P.
14 16(a)(1)(E)(iii).

15      (8) <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the preservation of
16 all dispatch and surveillance tapes or any other physical evidence that may be destroyed, lost, or otherwise
17 put out of the possession, custody, or care of the Government and which relate to the arrest or the events
18 leading to the arrest in this case.

19      (9) <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test,
20 if necessary, all other documents and tangible objects, including photographs, books, papers, documents,
21 fingerprint analyses, telephone records, transcripts of conversations, "TECS " vehicle crossing reports,
22 vehicles, or copies of portions thereof, which are material to the defense or intended for use in the
23 Government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

24      (10) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective
25 Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his
26 or her testimony.

27      (11)  <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective
28 Government witness has engaged in any criminal act whether or not resulting in a conviction and whether

any witness has made a statement favorable to the defendant. See Fed R. Evid. 608, 609 and 613; Brady v. Maryland, supra.

(12) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(13) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(14) Witness Addresses. The defendant requests the name and last known address of each prospective Government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

(15) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime charged.

(16) Statements Relevant to the Defense. The defendant requests disclosure of any statement relevant to any possible defense or contention that she might assert.

(17) Jencks Act Material. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(18) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant

1  requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange
2  for their testimony in this case, and all other information which could arguably be used for the impeachment
3  of any Government witnesses.

4  (19) <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery
5  regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future
6  compensation, or any other kind of agreement or understanding, including any implicit understanding
7  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government
8  witness and the Government (federal, state and/or local). This request also includes any discussion with a
9  potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain,
10  even if no bargain was made, or the advice not followed.

11  (20) <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names and
12  addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
13  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
14  charged against Mr. Miramontes. The Government must disclose the informant's identity and location, as
15  well as disclose the existence of any other percipient witness unknown or unknowable to the defense.
16  <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The Government must disclose any information
17  derived from informants which exculpates or tends to exculpate the defendant.

18  (21) <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any
19  information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>,
20  405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or
21  threats were made to the witness to secure cooperation with the authorities.

22  (22) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Miramontes requests that
23  the Government examine the personnel files and any other files within its custody, care or control, or which
24  could be obtained by the government, for all testifying witnesses, including testifying officers. Mr.
25  Miramontes requests that these files be reviewed by the Government attorney for evidence of perjurious
26  conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is
27  exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The
28  obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth

1  Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to
2  examine the files of agents who testified at trial. This Court should therefore order the Government to
3  review all such files for all testifying witnesses and turn over any material relevant to impeachment or that
4  is exculpatory to Mr. Miramontes prior to trial.

5  (23) Expert Summaries. Defendant requests written summaries of all expert testimony that the
6  government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief.
7  The defense also requests written summaries of the bases for each expert's opinion, written summaries of
8  the experts' qualifications, and reports of examinations and tests pursuant to Fed. R. Crim. P. 16(a)(1)(F)
9  and 16(a)(1)(G). This request includes, but is not limited to, fingerprint and chemical analyst expert
10 testimony.

11 (24) Residual Request. Mr. Miramontes intends by this discovery motion to invoke his rights to
12 discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
13 and laws of the United States. This request specifically includes all subsections of Rule 16. Mr.
14 Miramontes requests that the Government provide him and his attorney with the above requested material
15 sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## III.

## MOTION TO DISMISS THE INDICTMENT FOR VAGUENESS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). In order to provide the substantial safeguards an indictment is intended to guarantee, the indictment "must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." United States v. Cecil, 608 F.2d 1294 (9th Cir. 1979), citing Russell v. United States, 369 U.S. 749, 763, 768 n.15, 771. The instant indictment fails to meet these safeguards.

United States v. Cecil is instructive here. In Cecil, the defendants timely challenged the sufficiency of the indictment for drug conspiracy, and were later convicted. The indictment at issue read as follows:

> That beginning on or before July, 1975, and continuing thereafter until on or after October, 1975, within the District of Arizona and elsewhere, LEONARD SILAS JOHNSON, FELIX DAN CECIL, [omitting names], and LIONEL JOHNSON, named herein as defendants and co-conspirators, did knowingly and intentionally conspire and agree together and with each other and with various other persons both known and unknown to the Grand Jury, to commit offenses in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).
>
> It is the object of said conspiracy that large quantities of marihuana, a Schedule I controlled substance, would be imported into the United States of America from Mexico by one or more fo the coconspirators in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1). All in violation of Title 21, United States Code, Section 963.

On appeal, the Cecil court found the indictment "rather barren" and noted the indictment provided little specifics other than noting that the conspiracies occurred in "Arizona, Mexico, and elsewhere" and offered the names of some of the alleged co-conspirators. Id. at 1297. Additionally, the indictment failed to state any other facts or circumstances pertaining to the conspiracy, any overt acts done in furtherance thereof, and contained open-ended time frames. Id. Based on the deficiencies in the indictment, the Ninth Circuit reversed the convictions. In so doing, the court noted that "[t]o allow a prosecutor or court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection that the grand jury was designed to secure, because a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." Id. at 1297.

The instant indictment suffers from the same lack of particularity deemed fatal in Cecil. It reads:

> Beginning at a date unknown to the grand jury and continuing up to and including July 4, 2008, within the Southern District of California, and elsewhere, defendants JORGE MONTES-LEYVA, JUAN PEDRO SIDA-ARELLANO, ALDO MIRAMONTES-CARRILLO, and JOVANN ALFREDO ALONSO-PEREZ did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury to import 100 kilograms and more of maijuana, a Schedule I Controlled Substance, into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952, 960, and 963.

As evident, the indictment specifies only an open-ended time frame with a conspiracy beginning at "an unknown date" and the involvement of unidentified defendants who conspired together and "with other persons known and unknown to the grand jury." See Exhibit A. There is no inclusion of facts or circumstances pertaining to the conspiracy, nor are there overt acts alleged in the indictment to provide a

1  narrowing focus to limit the time frame covered by the indictment and providing notice of the scope of
2  the charges against them. By failing to include any overt facts regarding the alleged conspiracy or
3  specific time frame regarding the nature and involvement of Mr. Miramontes, the indictment runs afoul
4  of <u>Cecil</u> and the purposes of an indictment: to facilitate the proper preparation of a defense and to ensure
5  defendants are prosecuted on facts presented to a Grand Jury. Accordingly, the defense respectfully
6  requests that the indictment be dismissed.

### IV.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Miramontes and defense counsel have not received any discovery in this case. As discovery is received, the defense will find it necessary to file further motions. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

### V.

### CONCLUSION

For the reasons stated above, Mr. Miramontes respectfully requests that this Court grant the foregoing motions.

Respectfully submitted,

Dated: August 4, 2008            */s/ Andrew Lah*
                                  **ANDREW LAH**
                                  Federal Defenders of San Diego, Inc.
                                  Attorneys for Mr. Miramontes

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Court

Assistant United States Attorney via ECF

Dated: August 4, 2008            /S/ANDREW LAH
                                 ANDREW LAH
                                 Federal Defenders of San Diego, Inc.
                                 225 Broadway, Suite 900
                                 San Diego, CA 92101-5030
                                 (619) 234-8467  (tel)
                                 (619) 687-2666  (fax)
                                 e-mail: Andrew_Lah@fd.org