**ANDREW LAH**
California State Bar No. 234580
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
andrew_lah@fd.org

Attorneys for Mr. Miramontes-Carrillo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR2352-LAB |
| Plaintiff, | DATE: August 25, 2008 |
| | TIME: 2:00 P.M. |
| v. | |
| | SUPPLEMENTAL MEMORANDUM OF |
| ALDO MIRAMONTES-CARRILLO, | POINTS AND AUTHORITIES IN |
| | SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

A Grand Jury indicted Mr. Miramontes for violations of 21 U.S.C. §§ 952, 960 and 963 for conspiracy to import marijuana. Mr. Miramontes pled not guilty, and these motions follow. Mr. Miramontes supplements the initial motions filed on August 4, 2008, based on newly received discovery materials.

**II.**

**MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE 4TH AMENDMENT**

Temporary detention of individuals by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" within the meaning of the Fourth Amendment, and must be supported by at least reasonable suspicion. See Delaware v. Prouse, 440 U.S. 648, 653 (1979); United States v.

Martinez- Fuerte, 428 U.S. 543, 556 (1976). A stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. See Terry v. Ohio, 392 U.S. 1 (1968). This is true in the context of roving border stops such as that executed by the agents in this case. United States v. Brignoni-Ponce, 422 U.S. 873 (1975) (roving border patrol agents must have reasonable suspicion, based on specific and articulable facts, in order to initiate a stop).

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." United States v. Arvizu, 534 U.S. 266, 273 (2002). In the context of investigatory stops, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot...." Id. (internal quotations omitted). To sustain an officer's reasonable suspicion determination, this Court "must look at the 'totality of the circumstances' ... to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." Id. Although an officer may rely upon "experience and specialized training to make inferences from and deductions about the cumulative information available" to him before he makes an investigatory stop, "an officer's reliance on a mere hunch is insufficient to justify [such] a stop...." Id., at 273-274 (internal quotations omitted).

Thus far, the defense has received only a six page Report of Investigation (ROI) that provides any information on the stop of the "scout" vehicle – a vehicle that contained no contraband. The ROI states: "As the Jeep Cherokee was being followed by agents, a black 1992 Lexus bearing California license plates 5PIL607 was identified as a "scout" vehicle for the Cherokee. The Lexus was stopped by SA Webster and Imperial County Narcotics Task Force officers." No other discovery regarding this stop has been produced, and the government bears the burden of showing it not only had reasonable suspicion to stop the vehicle, but probable cause to believe that the occupants were acting as a scout for the vehicle containing marijuana. . See Carroll v. United States, 267 U.S. 132, 162 (1925) (an arrest made absent a warrant is unlawful unless made upon probable cause to believe that the suspect is committing an offense); see also United States v. Ortiz-Hernandez, 427 F.3d 567, 573 (9th Cir. 2005) ("Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime.").

/ / /

Accordingly, this Court must conduct an evidentiary hearing to determine whether the government can meet this burden. Since "'suppression hearings are often as important as the trial itself,'" these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading. See United States v. Prieto-Villa, 910 F.2d 601, 609-10 (9th Cir. 1990) (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)). Unless and until the government demonstrates that its agents acted in accordance with the Fourth Amendment, the stop and subsequent statements or evidence may not be used at trial.

### III.

### MOTION TO SUPPRESS STATEMENTS

**A.     Miranda Warnings Must Precede Custodial Interrogation.**

The Supreme Court has held that the government may not use statements, whether exculpatory or inculpatory, obtained during custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966). The law imposes no substantive duty upon the accused to make any showing other than that the statements were taken while the accused was in custody and subject to interrogation. Id. at 476. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way. Id. at 477; see also Orozco v. Texas, 394 U.S. 324, 327 (1969). In Stansbury v. California, 511 U.S. 318 (1994), the Supreme Court stated that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." Id. at 323.

When it takes an accused's statement during custodial interrogation, a heavy burden rests on the government to demonstrate that the accused intelligently and voluntarily waived her privilege against self-incrimination. To satisfy this burden, the prosecution must introduce evidence sufficient to establish "that under the 'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). The Ninth Circuit has stated that "[t]here is a presumption against waiver." Garibay, 143 F.3d at 536. The standard of proof for a waiver of

constitutional rights is high. Miranda, 384 U.S. at 475; see also United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights) (citing Johnson v. Zerbst, 304 US 458, 464 (1938)). Finally, it should be noted that, since Miranda rests on a constitutional foundation, see Dickerson v. United States, 530 U.S. 428, 438 (2000), no law or local court rule relieves the government of its burden to prove that Mr. Miramontes voluntarily waived the Miranda protections. Miranda, 384 U.S. at 475.

The validity of the waiver depends upon the particular facts and circumstances of the case, and include the background, experience, and conduct of the accused. Edwards v. Arizona, 451 U.S. 477, 482 (1981); Johnson v. Zerbst, 304 U.S. 458, 464 (1938); see also Garibay, 143 F.3d at 536; United States v. Bernard S., 795 F.2d at 751 ("a valid waiver of Miranda rights depends upon the totality of the circumstances, including the background, experience and conduct of the accused"). In Derrick v. Peterson, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary; and, (2) knowing and intelligent. Id. at 820. The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry [under] the [Fifth] Amendment . . . ." Id. The knowledge prong mandates an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)); accord Garibay, 143 F.3d at 436. Thus, "[o]nly if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Derrick at 820 (quoting Moran v. Burbine, 475 U.S. at 521) (emphasis in original) (citations omitted)).

Here, Mr. Miramontes was in custody immediately after he was removed from the vehicle and transported. Unless and until it shows the agents properly administered the Miranda warnings and obtained a knowing and intelligent waiver from Mr. Miramontes, the government cannot use evidence obtained as a result of any custodial interrogation that occurred after Mr. Miramontes's arrest. Miranda, 384 U.S. at 479. The defense has not yet received any written Miranda warnings, and the DVD produced thus far is

/ / /

/ / /

defective.[1]

**B.    The Government Bears the Burden of Proving that Mr. Miramontes's Alleged Statements Were Made Voluntarily**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if her conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, this Court must consider the totality of the circumstances. Schneckloth at 226; see also United States v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir. 1993). A statement is involuntary if it is "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)); see also United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

To meet its burden, the government must demonstrate that Mr. Miramontes's statement was not the result of either threats or promises made by the agents, but was made voluntarily.

## IV.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Miramontes and defense counsel have not received all of the discovery in this case. As discovery is received, the defense will find it necessary to file further motions pertaining to that discovery. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

///

///

---

[1] The defense has raised this issue with the government and does not foresee any difficulties in obtaining a new copy.

V.

**<u>CONCLUSION</u>**

For the reasons stated above, Mr. Miramontes respectfully requests that this Court grant the foregoing motions.

                                                  Respectfully submitted,

Dated: August 11, 2008                    */s/ Andrew Lah*
                                                  **ANDREW LAH**
                                                  Federal Defenders of San Diego, Inc.
                                                  Attorneys for Mr. Miramontes

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Court

Assistant United States Attorney via ECF

Dated: August 11, 2008      /S/ANDREW LAH
ANDREW LAH
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Andrew_Lah@fd.org